UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KEVIN STERLING | CIVIL ACTION |
| v. | NO. 17-0742 |
| RYAN ZINKE, Secretary,<br>U.S. DEPARTMENT OF THE INTERIOR, ET AL. | SECTION "F" |

<u>ORDER AND REASONS</u>

Before the Court is the plaintiff's motion for leave to file plaintiff's memorandum in opposition to defendant's motion to dismiss and/or alternatively for summary judgment out of time. For the reasons that follow, the motion is GRANTED.

**Background**

This lawsuit arises from a challenge to the U.S. Department of the Interior's employment practices, including allegations that an employee was tasked with duties beyond his pay grade, but received a delayed reclassification (and corresponding delayed increase in pay) due to his African American race, and that he suffered retaliation in the form of an increased workload after complaining about the unlawful employment practices.

After a scheduling conference was held, on August 25, 2017, the Court issued a scheduling order setting an April 26, 2018 pretrial conference date, a May 14, 2018 jury trial date, as well

as other deadlines. On March 21, 2018, the defendants filed their motion to dismiss or for summary judgment, selecting April 4, 2018 as the submission date. The next day, counsel for plaintiff requested that the submission date be continued to April 18, 2018 because the deadline for submitting opposition papers was two days prior to the deadline to complete discovery, with two more depositions scheduled but outstanding. The Court granted counsel's unopposed request and reset the hearing on the defendants' motion to April 18, which set the plaintiff's deadline for filing opposition papers at April 10, 2018.

A week after the Court granted the plaintiff's request to continue the hearing date and the deadline for responding, the plaintiff moved to continue the trial date so that he would have more time to depose two additional individuals he claimed may have been involved with making retaliatory employment decisions. The defendants opposed the motion. Meanwhile, on April 12, two days after the deadline for the plaintiff to respond to the defendants' motion to dismiss or for summary judgment, the plaintiff also moved to extend the hearing date on the motion so that he would have additional time to respond. This time, counsel for plaintiff claimed that he was unable to submit a timely response to the defendants' motion because the court reporter transcribing depositions from March 14 and March 27 had not yet prepared the

2

transcripts; counsel requested that the hearing date on the defendants' motion be reset to May 2, 2018.

On April 12, 2018, the Court determined that the plaintiff had failed to satisfy Rule 56(d) and that he likewise failed to demonstrate good cause warranting a continuance of the trial. The Court denied the plaintiff's request to continue the trial. Nevertheless, in order for the Court to consider the merits of the defendants' motion, the Court granted the plaintiff's request to continue the hearing on the defendants' motion for summary judgment, setting the hearing on May 2, 2018, making the plaintiff's opposition papers due not later than April 24, 2018;[1] a full two weeks later.

Despite this indulgence, counsel for plaintiff waited until the deadline for submitting his opposition papers, April 24, to request, yet again, that this Court provide the plaintiff with additional time to respond to the defendants' motion.[2] This time, plaintiff's counsel claimed that, on April 18, "the attorney primarily responsible for writing the Memorandum in Opposition

---

[1] The Court also moved the pretrial conference to May 3, 2018.
[2] Despite having moved for this exact same relief previously, the plaintiff's motion was marked "DEFICIENT" by the Clerk's Office because plaintiff's counsel had neglected to set the motion (which was opposed by the defendants) for hearing. Plaintiff's counsel remedied this deficiency the next day, on April 25, 2018.

resigned from the firm." Plaintiff's counsel urged the Court to allow him one extra day to file the opposition papers, stating that other matters had interfered with his ability to timely complete the papers. Plaintiff's counsel insisted that his opposition papers would be filed not later than April 25, 2018. When plaintiff's counsel failed to honor his requested extension, the Court denied the request on April 26, 2018.

At 11:55 p.m. on Thursday, April 26, 2018, counsel for plaintiff filed a motion for leave to file plaintiff's memorandum in opposition to the defendants' motion to dismiss or for summary judgment. To support his request for leave to file the opposition and few hundred pages of exhibits, plaintiff's counsel details his other legal obligations that interfered with his ability to meet the latest, the April 24th, deadline.

The Court first observes that only one attorney has ever been enrolled to represent Kevin Sterling. Therefore, that attorney's suggestion that another attorney was primarily responsible for drafting Mr. Sterling's opposition papers is, at best, unprofessional. Equally unprofessional is plaintiff's counsel's last minute requests to seek an extension. Although counsel for defendants and defendants themselves likely will suffer only limited prejudice from the plaintiff's tardy submission, for the

4

Court to accept the plaintiff's eleventh hour opposition papers will force a continuance of the pretrial and trial dates in order to allow time for the Court to review the voluminous record and papers and issue a ruling on the merits.

The Court will not punish Mr. Sterling for his attorney's unprofessional conduct. For that reason alone, IT IS ORDERED: that the plaintiff's motion for leave to file memorandum in opposition to the defendants' motion to dismiss or for summary judgment is GRANTED. IT IS FURTHER ORDERED: that the hearing on the defendants' motion to dismiss or for summary judgment is continued to May 30, 2018, on the papers; any request for leave to file reply papers must be filed no later than May 18, 2018. IT IS FURTHER ORDERED: that the pretrial conference and trial date are hereby continued, to be reset by the Court.[3]

New Orleans, Louisiana, April 30, 2018

MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[3] During the scheduling conference with this Court's Case Manager, only a new pretrial conference and trial date will be selected. Plaintiff's counsel has never shown good cause warranting a continuance and therefore discovery will not be reopened unless all counsel agree it would be in the interest of justice. Moreover, counsel for plaintiff should note his responsibility for sanctions under 28 U.S.C. § 1927, if requested by defendant.